UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON R. ZABORSKI,

Petitioner,

v.

FREDEANE ARTIS,

Respondent.

Case No. 25-12425
Honorable Laurie J. Michelson

**OPINION AND ORDER DIRECTING PETITIONER TO ADVISE WHETHER HE WISHES TO DELETE THE UNEXHAUSTED CLAIMS AND PROCEED WITH THE EXHAUSTED CLAIMS IN THE PETITION FOR WRIT OF HABEAS CORPUS [1]**

In 2022, a St. Clair County Circuit Court jury convicted Jason R. Zaborski of assault by strangulation and domestic violence. He was sentenced as a fourth-offense habitual offender (Mich. Comp. Laws § 769.12) to 25 to 45 years' imprisonment for the assault conviction and 93 days for the domestic violence conviction. Now incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, Zaborski files this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge those convictions. (ECF No. 1). It contains both exhausted and unexhausted claims. As discussed below, there are statute of limitations problems if the Court simply dismisses the petition. Thus, prior to doing so, Zaborski may advise the Court, in writing, of his interest in having the Court dismiss the unexhausted claims and consider only the exhausted claims.

## I.

Following Zaborski's conviction, he filed a post-judgment motion for new trial and to correct an invalid sentence in the state trial court (ECF No. 10-12, PageID.862–875), which was denied (ECF No. 10-12, PageID.884). The Michigan Court of Appeals affirmed his conviction on direct appeal. *People v. Zaborski*, No. 361106, 2024 Mich. App. LEXIS 1916 (Mich. Ct. App. Mar. 14, 2024). The Michigan Supreme Court denied him leave to appeal. *People v. Zaborski*, 11 N.W.3d 485 (Mich. 2024). On July 31, 2025, Zaborski filed a petition for writ of habeas corpus with this Court. (ECF No. 1.)

## II.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *see Picard v. Connor*, 404 U. S. 270, 275–78 (1971). To satisfy this requirement in Michigan, a petitioner must first raise each habeas issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *see also Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir. 2020) ("In states such as Michigan with a two-tiered appellate system—that is, those that have both an intermediate appellate court and a state supreme court—a petitioner must present his claims to the state supreme court in order to satisfy this exhaustion requirement.") (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 839–40, 845 (1999)). And the claims must have been "fairly presented" to the state courts, meaning that the

prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

Although exhaustion is not jurisdictional, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner*, 581 F.3d at 415. Therefore, federal district courts must review each claim for exhaustion before reviewing any claim on the merits. *Id.*

**A.**

Zaborski seeks a writ of habeas corpus on the following grounds: (1) ineffective assistance of trial counsel, (2) his 25-year mandatory minimum sentence on the assault by strangulation conviction was cruel and unusual punishment, (3) he was wrongly denied an evidentiary hearing on the ineffective assistance of counsel claims by the state trial and appellate courts, (4) the prosecutor suborned perjury from the victim, (5) the evidence was insufficient to convict, and (6) the prosecutor withheld favorable evidence from the defense. (ECF No. 1.)

Zaborski's appellate counsel filed an appeal brief in the Michigan Court of Appeals which raised the first two claims, i.e., his ineffective assistance of counsel and cruel and unusual punishment claims. (ECF No. 10-12, PageID.889–927). Zaborski filed a supplemental appellant brief, *pro* se, raising the remaining four issues. *People v. Zaborski*, No. 361106, 2024 Mich. App. LEXIS 1916, at *40–62 (2024).

After the Michigan Court of Appeals affirmed Zaborski's conviction, his counsel sought leave to appeal that decision to the Michigan Supreme Court. But he again raised only the ineffective assistance of counsel and cruel and unusual punishment issue. (ECF No. 10-13, PageID.1037–74.) And this time Zabroski did not file a *pro se* supplement raising any additional issues. So the additional four claims raised in Zaborski's federal habeas petition (issues three through six above) were not presented to the Michigan Supreme Court. Thus, Zaborski failed to exhaust them. *Robinson*, 950 F.3d at 343–45.

**B.**

Generally, federal district courts must dismiss "mixed" habeas petitions containing both exhausted and unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)). That said, a district court can stay a mixed habeas petition (in lieu of dismissal) to allow the petitioner to present his unexhausted claims to the state court in the first instance. *See Rhines v. Weber*, 544 U.S. 269 (2005). But the Court declines to do so here, for a few reasons.

First, Zaborski did not seek a stay. Thus, he has not established cause for his failure to properly exhaust his unexhausted claims. *See Draughn v. Floyd*, No. 22-11985, 2023 WL 4033317, at *2 (E.D. Mich. June 15, 2023) (collecting cases). Second, there are no exceptional or unusual circumstances present that justify holding the instant petition in abeyance pending the completion of post-conviction proceedings in the state court.

Zaborski could, in theory, return to state court to exhaust the claims that he failed to present to the Michigan Supreme Court on direct appeal by filing a post-conviction motion for relief from judgment with the St. Clair County Circuit Court pursuant to Mich. Ct. R. 6.500, and if unsuccessful, appealing that denial to the Michigan Court of Appeals and the Michigan Supreme Court. Mich. Ct. R. 6.509; *Id.* at 7.203; *Id.* at 7.302; *see also Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997); *see also Robinson*, 950 F.3d at 346.

But the statute of limitations on Zaborski's *unexhausted* claims has already expired. The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on petitions for habeas relief. 28 U.S.C. § 2244(d). For each conviction, it begins running "from the latest of" four dates; in this case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).

The Michigan Supreme Court denied Zaborski's application for leave to appeal on September 30, 2024. The one-year statute of limitations under 28 U.S.C. § 2244(d)(1) for filing habeas petitions began to run on December 29, 2024—when the 90 day time period to seek certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002). Zaborski filed his petition with this Court on July 31, 2025, after seven months had run on the statute of limitations. But "[t]he filing of a federal habeas petition does not toll the statute of limitations." *McBride v. Skipper*, 76 F.4th 509, 513 (6th Cir. 2023) (citing *Duncan v. Walker*, 533 U.S. 167, 181–82

(2001). So while this case was pending, the one-year clock on Zaborski's unexhausted claims was running, and unfortunately it expired in December 2025. Thus, even if the Court allowed Zaborski to return to the state courts to try to exhaust his claims, by the time he came back those claims would be barred by the statute of limitations. The same is true if the Court dismissed the petition in full.

Thus, the Court will give Zaborski the opportunity to delete the unexhausted claims and to proceed with the exhausted claims. He shall notify the Court, in writing, by October 30, 2026. If he fails to respond, the petition will be dismissed.

**III.**

For the foregoing reasons, the Court hereby DIRECTS Zaborski to respond to this order, in writing, by October 30, 2026, and indicate whether he wishes to proceed with his exhausted claims (ineffective assistance of counsel and that his 25-year sentence was cruel and unusual). Failure to timely respond, or an inadequate response, will result in summary dismissal of the case in full.

Dated: September 18, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE